FILED SEP 25 2014

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| TODD DARRELL BALLARD | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| MICHAEL WENEROWICZ, et al. | : | NO. 14-4815 |

ORDER

AND NOW, this 25th day of September, 2014, upon consideration of petitioner Ballard's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket entry # 1), our September 2, 2014 Order referring this matter to the Honorable Elizabeth T. Hey for a Report and Recommendation pursuant to Local Rule Civ. P. 72.1 and 28 U.S.C. §636(b)(1)(B), and Judge Hey's September 4, 2014 Report and Recommendation ("R&R") to which petitioner timely filed objections, and the Court finding that:

(a) Petitioner, currently incarcerated at SCI-Graterford in Montgomery County in this District, challenges his conviction in the Court of Common Pleas of Allegheny County in the Western District of Pennsylvania, R&R at 1-2;

(b) Judge Hey, in her Report, cites the jurisdictional provision of 28 U.S.C. §2241, which provides that a prisoner in state custody may file a petition in the federal court for the district where he is in custody or within which he was convicted and sentenced, and concludes that we should transfer the case to the Western District of Pennsylvania, id. at 1;

(c) Section 2241(d) further provides, "The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination";

(d) Judge Hey recommends that we transfer this matter to the Western District because Ballard challenges the trial court's rulings and the prosecutor's actions, and claims his

ENTERED

SEP 25 2014

CLERK OF COURT

trial and appellate counsel were ineffective -- and as the trial-court records and the District Attorney who prosecuted the case are located in the Western District, it is in the interest of justice to transfer this petition there, id. at 2;

  (e)  She also recommends quashing Ballard's five subpoena requests, id. at 3;

  (f)  Ballard contests Judge Hey's conclusions on two grounds: first, he states that it is not in the interest of justice to transfer his habeas petition because he is challenging a state court sitting in the Western District; and, second, he objects to Judge Hey's statement that he filed five subpoenas when in fact he filed twenty-three subpoenas, which he asserts are necessary to expand the evidentiary record in anticipation of an evidentiary hearing, Obj. at 1, 7;

  (g)  Pursuant to 28 U.S.C. § 636, we must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which" petitioner objects;

  (h)  Ballard states that he seeks relief in the Eastern District of Pennsylvania because he is "challenging the illegal conviction and sentence by the trial judge and fact-finder" in his non-jury trial, Obj. at 2, and expands on his objection to Judge Hey's recommended transfer to rehearse the complaints in his habeas petition;

  (i)  Ballard complains about the trial judge's conduct, the testimony of prosecution witnesses, and the dismissal of his appeal and Post Conviction Relief Act proceeding, but he fails to explain why these alleged errors in the state court system could not be entertained by our sister court in the Western District;

  (j)  Indeed, the United States District Courts for Pennsylvania's three federal judicial districts have routinely transferred petitions of this type to the district of conviction for substantive habeas proceedings, see, e.g., Helfrich v. Coleman, 2010 WL 1337728 (E.D.Pa. Apr.

6, 2010) (Reed Jr., J.); <u>McKeever v. McGrady</u>, 2008 WL 5101729 (E.D.Pa. Nov. 26, 2008) (Diamond, J.);

      (k)     Our Court of Appeals has "note[d] that it is quite clear that ordinarily a transfer of a [habeas] proceeding relating to the validity of the petitioner's conviction from the district of confinement to the district of sentencing would be in furtherance of the convenience of the parties and witnesses," see <u>In re Nwanze</u>, 242 F.3d 521, 526 n.2 (3d Cir. 2001) (internal citations omitted);

      (l)     And as our colleagues have observed, "this practice is permitted by statute, is commonplace, is endorsed by the court of appeals, achieves a desirable uniformity of approach among the three districts in the matter of exercising jurisdiction in these cases, and serves the interests of the litigants in those cases where hearings are required," <u>Daniels v. Mahally</u>, 2014 WL 4187517 at *2 (M.D.Pa. Aug. 21, 2014), and seems especially warranted where, as here, the petitioner seeks to raise a wide range of issues;

      (m)     In his petition, Ballard also requested counsel, discovery, and an evidentiary hearing in addition to the subpoenas he sought, R&R at 3; and

      (n)     We agree with Judge Hey that the Western District is best able to evaluate all of Ballard's discovery requests, and will therefore quash any subpoenas that may have issued with the filing of his petition in this Court;

It is therefore ORDERED that:

      1.     Petitioner's objections are OVERRULED;

      2.     Petitioner's request for subpoenas is DENIED and any subpoenas that may have issued ARE QUASHED;

3. Judge Hey's Report and Recommendation are APPROVED and ADOPTED;

4. The Clerk of Court shall TRANSFER this case from our docket to the United States District Court for the Western District of Pennsylvania; and

5. The Clerk of Court shall CLOSE this action statistically.

BY THE COURT:

Stewart Dalzell, J.